JOHN D. GRANGE, Appellant, v. FRANK C. GILBERT and EDWARD H. GILBERT, Respondents.

*Practice — counter-claim — to be valid it must, if established, inevitably defeat or diminish the plaintiff's recovery on the subject of the action — Code of Civil Procedure, sec. 501.*

The plaintiff alleged in his complaint that the defendants, by wrongfully excavating the channel of Grass river, threatened and were about to divert the water from his mills thereon, to his damage, and asked that they be enjoined from so doing, alleging his right to the use of the said water as it then flowed. The defendants set up in their answer two counter-claims. In the first they alleged that they were the owners of the right to the use of such of the waters of Grass river as for forty years prior to 1865 flowed through a certain canal; that plaintiff's title was subordinate to such right; that in 1865 the plaintiff's grantor, by wrongful excavations and constructions in the bed of the river, diminished the flow through defendants' canal and increased it through his own, and that the plaintiff still maintained his grantor's wrongful encroachment upon the defendants' rightful share of the water, to the defendants' injury, and that the excavations of which the plaintiff complained were proper to restore to each his proper share of the water. In the second counter-claim they alleged that the plaintiff wrongfully stored and threatened to continue to store logs in the bed of the river, and in seasons of low water these logs obstructed the natural flow of the water into defendants' canal, to defendants' injury.

*Held,* that as the claim set up by the first counter-claim was so connected with the subject of the action as that its successful establishment would inevitably defeat or diminish the plaintiff's recovery, it constituted a valid counter-claim.

That as the claim set up in the second counter-claim was not connected with the subject of the action, and its successful establishment would not necessarily defeat or diminish the recovery of the plaintiff, it did not constitute a valid counter-claim.

Appeal from an order made at the St. Lawrence County Special Term overruling a demurrer interposed by the plaintiff to two counter-claims set up by the defendants in their answers.

*Chamberlain & Hale*, for the appellant.

*W. H. & George C. Sawyer*, for the respondents.

LANDON, J.:

The plaintiff, by his complaint, alleges that the defendants, by wrongfully excavating the channel of Grass river, threaten and are about to divert the water from his mills thereon to his damage, and he asks to enjoin them. He alleges his right to the use of said water as it now flows.

The defendants answer by way of counter-claim and allege, first, that they are the owners of the right to the use of such of the waters of Grass river as for forty years prior to 1865 flowed through a certain canal; that plaintiff's title is subordinate to such right; that in 1865 plaintiff's grantor, by wrongful excavations and constructions in the bed of the river diminished the flow through defendant's canal and increased it through his own, and that the plaintiff still maintains his grantor's wrongful encroachment upon the defendants' rightful share of the water to defendants' injury, and that the excavations of which plaintiff complains are proper to restore to each party his proper share of water; second, that the plaintiff wrongfully stores and threatens to continue to store logs in the bed of the river, and in seasons of low water these logs obstruct the natural flow of water into defendants' canal to defendants' injury. The defendants pray judgment that the plaintiffs be enjoined, etc., and for damages. The plaintiff demurs and assigns for grounds of demurrer, that these answers are not of the character specified in section 501 of the Code of Civil Procedure.

Section 501 provides that the counter-claim which an answer may contain, "must tend, in some way, to diminish or defeat the plaintiff's recovery," and must, also, be a cause of action against the plaintiff in favor of the defendant * * * "connected with the subject of the action." The subject of the action is not the injury threatened to the rocks or land in the bed of the stream, but the injury threatened to plaintiff's alleged water rights. The defendants' first answer is that the water rights claimed by the plaintiff do not, to the extent claimed, belong to him, but are in part the rights of the defendants, *and* which the plaintiff, by wrongfully continuing the original diversion of his grantor, now

keeps and withholds from the defendants, to their injury. The defendants demand that the diversion shall cease and their proper rights be restored. Now, if the defendants establish their position they may altogether defeat the plaintiff's recovery, for it may be that the only way to grant the defendants restoration, will be to permit the excavation in whole or in part, of which the plaintiff complains. The counter-claim is so "connected with the subject of the action" that the success of the one inevitably defeats or diminishes the recovery upon the other.

But these views require us to sustain the demurrer to the second counter-claim contained in the answer. The subject of the action is the injury threatened to plaintiff's alleged water rights by defendants' permanent excavations. That subject is not touched by an allegation that the plaintiff, by storing his logs in the mill-pond or stream, also impairs the defendants' water rights. Grant that both causes of action exist, the right to recover by the defendant could not properly defeat or diminish the recovery by the plaintiff. The injury complained of by the plaintiff is a permanent injury to his water rights. The injury complained of by the defendants is, in its nature, temporary. These injuries do not affect the same property, and one may be repaired without affecting the other.

The order and interlocutory judgment should be affirmed as to the first counter-claim and reversed as to the second. The plaintiff may withdraw the demurrer as to the first and reply within twenty days; the defendant may withdraw or amend his answer as to the second counter-claim within the same time. No costs allowed either in this court or below.

LEARNED, P. J., MAYHAM, J., concurred.

Order affirmed as to the first, and reversed as to the second, defense, no costs to either party.